# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Cheryl Wells, | CV 07-309 TUC FRZ (JM) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Hon. Jan E. Kearney, et al., | |
| Defendants. | |

In accordance with 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice of the United States District Court for the District of Arizona, this case was referred to the Magistrate Judge for all pretrial proceedings and report and recommendation. Plaintiff Cheryl Wells has filed a Motion for Preliminary Injunction [Doc. No. 8], and the Defendants responded with their Objection to Motion for Preliminary Injunction [Doc. No. 9]. Plaintiff did not filed a reply. For the reasons explained below, the Magistrate Judge recommends that the District Court, after independent review of the record, deny the Motion for Preliminary Injunction.

**I.     Background**

On May 5, 2007, Plaintiff filed a notice of removal to this Court for a case pending in the Pima County Superior Court that was captioned *In the Matter of the Guardianship of Elaine W. Wells*, Case Number GC20070250. The Civil Docket Number is CV 07-205-TUC and was assigned to District Judge Frank Zapata. By Order of Remand filed May 24, 2007, Judge Zapata found that the removal of the case was improper because it did not allege a proper basis for federal jurisdiction, it was removed by a non-party, and because the parties

had an adequate state forum. CV 07-205-TUC-FRZ, *Docket No. 6*. The case was ordered dismissed and remanded to the Superior Court. *Id*.

Subsequently, on June 22, 2007, Plaintiff filed her complaint in this case. The complaint is based on the same issues raised in the previously filed notice of remand. Plaintiff alleges that the Defendants, who are judges and court commissioners in Pima County, have conspired to prevent her from obtaining benefits from and control over the trust settled by Plaintiff's mother, Elaine Wells. The remedy Plaintiff seeks is a declaration that a purported amendment of her mother's trust is fraudulent and that Florida courts have jurisdiction over the determination of rights under the trust.

On August 23, 2007, Plaintiff filed the instant Motion for Preliminary Injunction. *Docket No. 8*. In the motion, she seeks:

> entry of a preliminary injunction to enjoin the defendants and any public officials in Arizona acting under the supervision or control of the defendants from conducting proceedings involving plaintiff or her mother while this action is pending in federal court.

*Id.*, p. 1.

## II.   Discussion

The Anti-Injunction Act (the "Act") prohibits a federal court from granting an injunction to stay proceedings in a State Court except as expressly authorized by Congress. 28 U.S.C. § 2283. The Act applies to declaratory relief as well as injunctions if the declaratory relief would have the same effect as an injunction. *California v. Randtron*, 284 F.3d 969, 975 (9th Cir. 2002). "Any doubts regarding the appropriateness of an injunction 'should be resolved in favor of permitting the state courts to proceed.'" *Amwest Mortgage Corp. v. Grady*, 925 F.2d 1162, 1164 (9th Cir. 1990) (quoting *Atl. Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 297 (1970)).

Applying these authorities to the instant matter, it is clear that the requested injunction is prohibited. First, the declaration Plaintiff seeks would have the same effect as an injunction. Specifically, Plaintiff seeks an order enjoining Defendants from conducting any

proceedings in state court while this action is pending in federal court.  Second, although the proposed injunction would be directed at the individual defendants rather than the state court proceeding, the act nevertheless applies.  *Randtron*, 284 F.3d at 975 (holding that the Act applies even where the proposed injunction would be directed at a litigant instead of the state court proceeding itself).  Finally, Plaintiff has cited no authorization from Congress that would allow the Court to issue an injunction under the circumstances of this case.

**III.    Recommendation**

Based on the foregoing, the Magistrate Judge **recommends** that the District Court, after its independent review, issue an Order **denying** Plaintiff's Motion for Preliminary Injunction [Doc. No. 8].

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

However, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court.  *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure. Thereafter, the parties have ten (10) days within which to file a response to the objections. If any objections are filed, this action should be designated case number: **CV 07-309-TUC-FRZ**.  Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

DATED this 11th day of October, 2007.

_____
Jacqueline Marshall
United States Magistrate Judge