# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

Cheryl Wells,

        Plaintiff,

v.

Hon. Jan E. Kearney, et al.,

        Defendants.

CV 07-309 TUC FRZ (JM)

**REPORT AND RECOMMENDATION**

In accordance with 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice of the United States District Court for the District of Arizona, this case was referred to the Magistrate Judge for all pretrial proceedings and report and recommendation. Pending before the Court are a number of motions to dismiss filed by defendants in the action [Doc. Nos. 26, 27, 29, 30, 31, 32, and 35].[1] Defendant Philip Schwartz also has filed a motion for Rule 11 sanctions [Doc. No. 39]. Plaintiff has filed two Motions for Extension of Time to File her responses to the motions to dismiss [Doc. Nos. 41 and 66], a Motion For Leave to File Amended Complaint [Doc. No. 42], a Motion For Leave to File Second Amended Complaint [Doc. 71], and Motion for Default against Cia Wells and Alan Belauskas [Doc. No. 43]. Each of these motions is addressed herein.

---

[1]Also pending are a second group of motions to dismiss [Doc. Nos. 46, 60, 62, 63, 68 and 69] that were filed subsequent to the issuance by the Court of an order warning Plaintiff that the motions addressed in this report and recommendation would be granted without consideration of her position if she did not file a response. As of the date of this report and recommendation, Plaintiff has not filed her response to the second group of motions. Because the second group of motions was not included in the first warning, the Court issued a second warning to Plaintiff that the second group of motions may be granted if she fails to respond by July 21, 2009. *Docket No. 85*.

## I. Background

This is case arises out of a dispute between Plaintiff and her sister, Defendant Cia M. Wells, over their mother Elaine Well's trust (the "Trust"). In 2007, Plaintiff filed an action in Broward County, Florida Circuit Court (Case No. PRC 07-4046-62) (the "Florida Action"). Named as defendants in that case were Cia Wells; Alan Belauskas; Steve Fishman; Morgan Stanley; Eugene Michael Kennedy; John Knox Village of Florida, Inc.; Bogutz & Gordon, P.C.; Brian Bjorndahl; Kevin Kinghorn, Esq.; and Lynne Tomasa. Doc. No. 26, Ex. A. In the instant action, Plaintiff has named as defendants each of the defendants to the Florida Action and has added as defendants: Jan Kearney; Clark Munger; Kyle Bryson; Julie Connors; Mark Speiser; Philip Schwartz; Greenberg Traurig, L.L.P.; Broad & Cassel; Emeritus, Inc.; and George Feulner. Defendant Morgan Stanley is the investment firm at which some of the Trust's investment accounts were held. Amend. Cmplt. ¶ E. Defendant Steve Fishman, who is a financial advisor at Morgan Stanley, was the broker for the Trust's investment accounts. Amend. Cmplt. ¶ F. In the Florida Action, Morgan Stanley and Fishman filed a counterclaim for interpleader requesting that the court determine ownership and control of the Trust's investment accounts held at Morgan Stanley. Amend. Cmplt., Ex. A.

By order that appears to be dated February 1, 2008, the Florida action was dismissed with prejudice as to all parties and counts. Doc. No. 33, Ex. C. The Florida court determined, *inter alia*, that the Plaintiff lacked standing to assert the claims in the action, failed to state a claim upon which relief could be granted, and that the court lacked jurisdiction over several defendants. *Id*.

On May 5, 2007, Plaintiff filed a notice of removal to this Court for a case pending in the Pima County Superior Court that was captioned *In the Matter of the Guardianship of Elaine W. Wells*, Case Number GC20070250. The Civil Docket Number is CV 07-205-TUC and was assigned to District Judge Frank Zapata. By Order of Remand filed May 24, 2007, Judge Zapata found that the removal of the case was improper because it did not allege a

proper basis for federal jurisdiction, it was removed by a non-party, and because the parties had an adequate state forum. CV 07-205-TUC-FRZ, *Docket No. 6.* The case was ordered dismissed and remanded to the Superior Court. *Id.*

Subsequently, on June 22, 2007, Plaintiff filed her complaint in this case. The First Amended Complaint now at issue is based on the same issues raised in the previously filed Florida action. Plaintiff alleges that the Defendants, who are her sister and her husband, an investment firm and its employees, and several attorneys, judges and court commissioners, have conspired to prevent her from obtaining benefits from and control over the trust settled by Plaintiff's mother, Elaine Wells. The remedy Plaintiff seeks are money damages, treble RICO damages, an accounting, the removal of her sister as a trustee of the trust, an injunction barring the Arizona courts from hearing the action before it, and a declaration that the purported amendment of her mother's trust is fraudulent and that Florida courts have jurisdiction over the determination of rights under the trust.

**II.    Discussion**

**A.    Motion for Extension of Time to File her responses to the motions to dismiss [Doc. No. 41]**

In her first Motion for Extension of Time, Plaintiff requested an extension of time to file her response because the Thanksgiving Holiday had interfered with her access to the law libraries. However, the request for extension of time was filed one day after the time had expired for the filing of the responses to the then pending motions [Doc. Nos. 26, 27, 29, 30, 31, 32 and 35]. Moreover, by previous order [Doc. No. 37], the Court had in effect granted Plaintiff an extension of time by providing additional time for her tardy responses. The same order warned her theat she was to comply with the Local Rules and that she was to "timely respond to all motions," and that her failure to respond could be treated "as a consent to the granting of that Motion without further notice . . . ." The order then provided a deadline for the filing of her responses of December 1, 2008.

On December 5, 2008, Plaintiff filed a response to the motions to dismiss that are addressed in this report and recommendation. Although tardily filed, the Court will

3

nevertheless exercise its discretion and grant the motion for extension of time and consider the response.

**B.     Motion for Default against Cia Wells and Alan Belauskas [Doc. No. 43]**

Plaintiff asserts that Defendants Cia Wells and Alan Belauskas are in default for failing to answer the complaint. The record reflects, however, that these Defendants had not yet been served with the First Amended Complaint and Summons at the time of the filing of the Motion for Default. As such, it is recommended that the motion for default be denied.

**C.     Motions to Dismiss Legal Standards**

**1.     Personal Jurisdiction**

Under Rule 12(b)(2), Fed.R.Civ.P., a party may assert that the court lacks jurisdiction over the person and that the claims against them must therefore be dismissed. Ordinarily, federal courts have no broader power over person outside the state in which they sit than do the local state courts. *Omni Capital Int'l, Ltd. v. Rudolph Wolff & Co., Ltd.*, 484 U.S. 97, 104-105 (1987); *see* Fed.R.Civ.P. 4(k)(1)(A). The forum state's "long-arm" statute is the federal court's starting point in analyzing personal jurisdiction in federal cases. If the statute would not enable the plaintiff to obtain personal jurisdiction in a state court action, the plaintiff generally will be unable to obtain personal jurisdiction in a federal court action. *Omni*, 484 U.S. at 104-105.

In Arizona, personal jurisdiction over a nonresident defendant can be exercised "to the maximum extent permitted by the Constitution [of Arizona] and the Constitution of the United States." Az.R.Civ.P. 4.2(a). This means that personal jurisdiction can be exercised when a defendant has "sufficient minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Williams v. Lakeview Co.*, 199 Ariz. 1, 3 (2000) (citing *International Shoe Co., v. Washington*, 326 U.S. 310, 320 (1945)). Personal jurisdiction, whether general or specific, requires a defendant to have "purposefully established 'minimum contacts'" in Arizona. *Id*. (quoting *Berger King Corp. V. Rudzewicz*, 471 U.S. 462, 474 (1985)).

General jurisdiction subjects a defendant to suit on virtually any claim and is available when the defendant's contacts with Arizona are "substantial" or "continuous and systematic." *Rollin v. William V. Frankel & Co., Inc.*, 196 Ariz. 350, 353 (App. 2000). If general jurisdiction is not available, specific jurisdiction may be exercised if: "(1) the defendant purposely avails himself of the privilege of conducting business in the forum; (2) the claim arises out of or relates to the defendant's contact with the forum; and (3) the exercise of jurisdiction is reasonable." 199 Ariz. at 3.

### 2. Failure to State a Claim Upon Which Relief Can Be Granted

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964-65 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965.

In considering a motion pursuant to Fed.R.Civ.P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. *Pareto v. F.D.I.C.,* 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001); *Parks School of Business, Inc. v. Symington,* 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *Sprewell,* 266 F.3d at 988; *W. Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir. 1981). Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir.1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint. *In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig.,* 102 F.3d 1524, 1537 (9th Cir.1996), *rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach,* 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. *In re Silicon Graphics Inc. Sec. Litig.,* 183 F.3d 970, 986 (9th Cir.1999); *Lee v. City of Los Angeles,* 250 F.3d 668, 689 (9th Cir.2001). Under these standards, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). *United States v. City of Redwood City,* 640 F.2d 963, 966 (9th Cir.1981).

### D. Motions to Dismiss

#### 1. Morgan Stanley and Steve Fishman [Doc. No. 26]

Defendants Fishman and Morgan Stanley move for the dismissal of the allegations against them in the First Amended Complaint, based on the Plaintiff's failure to state a Federal RICO claim, or any other claim, against either of them. Additionally, Fishman contends that, as a Florida resident, the Plaintiff cannot establish personal jurisdiction over him.

In response to Fishman and Morgan Stanley's assertions, Plaintiff alleges they are "among the most culpable defendants, because Morgan/Fishman had the original trust agreement, and they were on notice that when Cia removed Elaine's name from the Trust accounts that Elaine was no longer acting as a trustee." Plaintiff's Opposition, p. 9. Plaintiff further contends that these defendants "admitted their knowledge when they filed an interpleader in Florida . . . ." Id.

Where the predicate racketeering acts of a RICO claim sound in fraud:

> the pleading of those predicate acts must satisfy the particularity requirement of [Federal Rule of Civil Procedure] 9(b). *Wasserman v. Maimonides Med. Ctr.*, 970 F.Supp. 183, 187 (E.D.N.Y. 1997), which provides that in "all averments of fraud or mistake, the circumstances constituting the fraud or mistake shall be stated with particularity." The requirement of

6

> particularity mandates that a plaintiff "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Odom v. Microsoft Corp.*, 2007 WL 1297249, at *12 (9th Cir. 2007). "In the context of a fraud suit involving multiple defendants, the plaintiff must, at a minimum, identify the role of each defendant in the alleged fraudulent scheme." *Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007).

*Laron, Inc. v. Construction Resource Svcs, LLC*, 2007 WL 1958732 (D. Ariz. 2007).

Filing an interpleader action, at least in and of itself, does not suggest fraud. To the contrary, an interpleader action allows the interpleader plaintiff to join mutually inconsistent claims to determine rights in an asset. *See* Fed. R. Civil P. 22; 28 U.S.C. § 1335. Thus, the plaintiff in interpleader subjects himself, as well as the defendants, to scrutiny by the court. The court is unable to devise a scenario where resorting to the court under the circumstances described by the Plaintiff in this action would amount to fraud on the part of Morgan Stanley and Fishman. More important, Plaintiff has identified no facts or circumstances in the Amended Complaint or the opposition to Morgan Stanley and Fishman's motion to dismiss that can even charitably be described as fraud. In fact, Plaintiff herself alleges that Morgan Stanley was defrauded. Amend. Cmplt., ¶ I, p. 10; p. 25, n. 1.

Defendant Fishman also asserts that this court lacks personal jurisdiction over him. Defendant Fishman is a financial advisor at Morgan Stanley and was the broker for the trust accounts at issue in this action. Fishman is a resident of Broward County, Florida. The activity that apparently gives rise to Plaintiff's allegations against him occurred entirely in Florida. He has never lived in Arizona and does not own property there. Further, nothing in the record indicates he has purposefully availed himself of the privilege of conducting business in Arizona. He lacks sufficient contact with Arizona to establish general jurisdiction, and this litigation does not arise from any contacts he may have had with the State such that this Court may exercise specific jurisdiction. As such, Fishman's contacts with the forum are not sufficient to establish personal jurisdiction and the exercise of jurisdiction over him by this Court would be unreasonable. As a result, Defendant Fishman's

motion to dismiss the First Amended Complaint for lack of personal jurisdiction should be granted.

### 2. Philip L. Schwartz [Doc. No. 27]

Defendant Philip Schwartz moves for the dismissal of the allegations against him in the First Amended Complaint, based on, among other claims, this court's lack of personal jurisdiction over him. Schwartz is an attorney licensed to practice law in the State of Florida. Through his law firm, he represents named Defendants Cia Wells and Alan Beluskas (husband and wife), and the Wells Family Irrevocable Trust, in the Florida matter filed on or about March 23, 2007, by Plaintiff Cheryl Wells.

Defendant Schwartz's contacts with the forum do not satisfy even the barest minimum. Plaintiff has alleged no facts that would establish personal jurisdiction in Arizona. Defendant Schwartz has never so much as entered the state of Arizona, and his only apparent connection is being named a defendant in this action. Nothing in the record indicates he has purposefully availed himself of the privilege of conducting business here. Additionally, the activity that apparently gives rise to the Plaintiff's allegations occurred entirely in Florida. These facts indicate the exercise of jurisdiction over him by this Court is unreasonable, and Defendant Schwartz's motion to dismiss the First Amended Complaint for lack of personal jurisdiction should be granted.

### 3. Eugene Michael Kennedy, Esq., and Eugene Michael Kennedy, P.A. [Doc. No. 29]

Defendant Eugene Michael Kennedy, Esq. moves to dismiss Plaintiff's allegations against him and his law practice—Eugene Michael Kennedy, P.A., also a named defendant—for, among other reasons, this Court's lack of personal jurisdiction over them. Plaintiff claims Kennedy—an attorney who originally created the trust at issue in the Florida matter—assisted Cia Wells in her efforts to manipulate Elaine Wells into removing Plaintiff as a co-trustee of the fund. Thus, the First Amended Complaint seeks recovery from Kennedy under claims of violation of civil RICO laws, breach of fiduciary duty, conversion, interference with testamentary expectancy, and civil conspiracy.

Kennedy is a resident of the state of Florida. There is no evidence Kennedy has ever resided in or owned property in Arizona, nor is there any that he has purposefully availed himself of the privilege of conducting business in Arizona. Further, Plaintiff has not alleged any specific facts that would establish that Kennedy or his practice have had contacts sufficient for this Court to exercise personal jurisdiction. The Complaint alleges that Kennedy has continued to manipulate Elaine Wells after she relocated from Florida to Arizona. However, it does not indicate with any specificity what actions Kennedy has allegedly taken in or related at all to Arizona. As a result, this Court's exercise of personal jurisdiction over Kennedy and his practice by this Court is unreasonable, and his motion to dismiss the First Amended Complaint for lack of personal jurisdiction should be granted.

### 4. Hon. Mark Speiser [Doc. No. 30]

Defendant Mark Speiser ("Judge Speiser") is a Circuit Judge for the Seventeenth Judicial Circuit of Florida and was named in the Complaint as a defendant for alleged actions occurring under his official capacity. Judge Speiser moves to dismiss the allegations against him because this Court lacks personal jurisdiction over him. Judge Speiser presided over the Florida matter, and dismissed Plaintiff's case with prejudice for failure to state a claim and various other grounds. Subsequently, Plaintiff named Judge Speiser as a defendant in this case based on a multitude of allegations, including that the Seventeenth Judicial Circuit Court was a RICO enterprise and that Judge Speiser conspired with other defendants to loot the Trust's assets and perpetrate a fraud upon Plaintiff.

The First Amended Complaint contains no facts sufficient to establish this Court's jurisdiction over Judge Speiser. It is undisputed he resides in Florida, and the record contains nothing to suggest Judge Speiser has sufficient contacts with Arizona to subject him to personal jurisdiction in its courts. The First Amended Complaint states merely that this Court has personal jurisdiction "because the focus of the ongoing criminal activity is Tucson, Arizona." Whether this is true or not is irrelevant without some specific allegation sufficient to establish that Judge Speiser has sufficient contacts with Arizona to subject him to personal

jurisdiction therein. To allow such a generic statement to suffice in establishing personal jurisdiction would fly in the face of the due process consideration "that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Williams v. Lakeview Co.*, 13 P.3d 280, 282 (2000) (citing *International Shoe Co., v. Washington*, 326 U.S. 310, 320 (1945)). Because all of Judge Speiser's alleged activities occurred in Florida, and lacks contacts sufficient to establish general jurisdiction, this Court lacks personal jurisdiction over him, and his motion to dismiss the First Amended Complaint should be granted.

### 5. Hon. Jan Kearney, Clark Munger, Kyle Bryson, and Julie Connors [Doc. No. 31]

Every judicial officer is afforded absolute immunity from suit for actions taken in the performance of their judicial functions. *Stump v. Sparkman*, 435 U.S. 349 (1978). The scope of jurisdiction is construed broadly and a judge may only be deprived of immunity when acting in "clear absence of all jurisdiction." *Id.* at 355. A clear lack of all jurisdiction occurs when, for instance, a probate judge, with jurisdiction over only wills and estates, tries a criminal case. In addition, "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Id.* at 356. The primary purpose of this immunity is so that judges may exercise their functions with independence and without fear of consequences for their actions.

Defendant Judges Jan E. Kearney and Clark E. Munger, and Commissioners Kyle Bryson and Julie Connors are judicial officers in the state of Arizona. Judge Kearney is the Presiding Judge of the Arizona Superior Court in Pima County. Judge Munger was at the time Plaintiff's complaint was filed, the presiding probate judge of the Arizona Superior Court in Pima County. Kyle Bryson and Julie Connors are court Commissioners of the Arizona Superior Court in Pima County. Plaintiff's first amended complaint states that Defendants Kearney, Munger, Bryson, and Connors are all part of a RICO enterprise conspiring to loot assets from the Wells estate. The specific allegations against these

defendants are comprised of a claim that each of them "apparently received secret evidence." Amend. Cmplt., p. 13. In support of this allegation, Plaintiff has attached to the Amended Complaint a copy of a "Notice of Continued Hearing on Petition for Appointment of Guardian." Amend. Cmplt., Ex. B. Plaintiff repeats these assertions in her Opposition to the motion. Opposition, p. 4. Plaintiff also alleges that Defendant Munger has a reputation for bing hostile to those without legal representation. Amend. Cmplt., p. 13.

Kearney, Munger, Bryson, and Connors are all judicial officers. Plaintiff has not alleged any specific actions outside of their judicial authority and or facts that would, if true, establish a clear lack of all judicial authority. They have no private interest in this matter. Plaintiff presented no allegations that would support the existence of a conspiracy to steal her mother's trust from Plaintiff. Nothing in the Amended Complaint describes what the alleged secret evidence was, when it was submitted, or how it was used by these defendants. Additionally, nothing in the notice attached to the Amended Complaint sheds any light on these allegations. It is apparent that Plaintiff is unhappy with the decisions made by these Defendants, but much more than disagreement is needed before a claim can be allowed to proceed against them. Therefore this court should extend judicial immunity to all judicial defendants and their motions to dismiss should be granted.

**6.     Brian Bjorndahl, Esq., and Bogutz & Gordon, P.C. [Doc. No. 32]**

Defendants Bjorndahl and Bogutz & Gordon seek dismissal of the complaint based on Plaintiff's failure to state a claim and because any claims are barred by *res judicata*. Both Bjorndahl and the law firm of Bogutz & Gordon are alleged to be a part of the "club" of attorneys used by Judge Munger to "manipulate, control and loot estates . . . ." Amended Cmplt., pp. 13-14. Plaintiff also alleges that these defendants conspired with Cia Wells in filing "a frivolous and malicious lawsuit in the Superior Court of Pima County, Arizona seeking a 'guardianship' of Elaine Wells, . . ." in violation of the United States Constitution. Amended Cmplt., p. 27. It is also alleged that these defendants actions subject them to a "civil remedy for criminal practices." *Id*., p. 29.

As Defendants Bjorndahl and Bogutz & Gordon note, Plaintiff has failed to allege any "specific bad acts" against them. In fact, it is impossible to discern precisely what it is they are alleged to have done other than being retained by Defendant Cia Wells in relation to the appointment of a guardian for Elaine Wells. Plaintiff does allege that they have acted criminally. Such serious allegations need the support of factual allegations and absolutely none are offered in the Amended Complaint or in the Opposition.

The legal theories under which Plaintiff seeks to proceed under against Bjorndahl and Bogutz & Gordon also suffer from a lack of clarity. In one count, Plaintiff alleges that the defendants violated the United States Constitution. She does not, however, indicate what part of the constitution was allegedly violated or how these defendants, who are not alleged to have been acting under color of law, could be held liable. Similarly, the Court is unaware of a cause of action such as "Civil Remedy for Criminal Practices." Certainly, civil liability could result from criminal practices, but it would ordinarily fall under the auspices of an intentional or negligent tort action or, possibly, an action for fraud. It is apparent from the Amended Complaint and the Opposition that the Plaintiff can offer only vague and conclusory allegations against these defendants. Nothing is offered that, if true, would subject them to liability.

Bjorndahl and Bogutz & Gordon also assert that Plaintiff's claims are barred by the doctrine of *res judicata*. *Res judicata*, also known as claim preclusion, "precludes the parties from relitigating issues that were or could have been raised in [a prior] action," *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398 (1981), and can serve as the basis for the grant of a motion to dismiss. *See Stewart v. U.S. Bancorp,* 297 F.3d 953, 956 (9th Cir. 2002). "The judgment prevents litigation of all grounds and defenses that were or could have been raised in the action." *Davis & Cox v. Summa Corp.,* 751 F.2d 1507, 1518 (9th Cir. 1985) (citing *Allen v. McCurry,* 449 U.S. 90, 94 (1980)). Res judicata prohibits future lawsuits when there is "(1) an identity of claims; (2) a final judgment on the merits, and (3) identity or privity between parties." *Id*.

Bjorndahl and Bogutz & Gordon point out that the claims against them here are "virtually identical to and mirror the claims" in the previously filed Florida lawsuit. However, an examination of the Florida court's final order dismissing the claims against them indicates that they were dismissed, at least in part, "for lack of personal jurisdiction, since there is no evidence whatsoever to substantiate jurisdiction in personam." *Order on Defendants' Motion s to Dismiss Plaintiff's Third Amended Complaint with Prejudice*, Doc. No. 33, Ex. C, p. 6. As such, the second element required to support a finding of *res judicata*, that the judgment be on the merits, is missing. Because the Florida court was without jurisdiction over these defendants, it was without power to render a judgment against them. *See Burnham v. Sup. Ct.*, 495 U.S. 604, 609-610 (1990). Under these circumstances, the merits of the suit are immaterial: "Because a court without jurisdiction over the parties cannot render a valid judgment, [the court] must address Defendants' personal jurisdiction argument before reaching the merits of the case." *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1090 (10th Cir. 1998). As such, the application of *res judicata* would be inappropriate here.

### E. Leave to Amend Dismissed Claims

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed.R.Civ.P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir.1986); *see Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir.2000).

The Court is clearly without personal jurisdiction over Defendants Fishman, Schwartz Kennedy, his law practice—Eugene Michael Kennedy, P.A., and Speiser. There are no allegations in the Amended Complaint or in the Opposition to the motion that would suggest otherwise. As such, any amendment aimed at curing this defect would be futile.

The Honorable Jan E. Kearney, the Honorable Clark E. Munger, the Honorable Kyle Bryson, and the Honorable Julie Connors are protected by absolute judicial immunity.

Plaintiff has not described any facts that would, if included in an amended pleading, allow her to proceed against these individuals.

In her Opposition, Plaintiff attempts to salvage her claims against Morgan Stanley by alleging that it admitted its knowledge of the wrongfully amended trust when it filed the interpleader in the Florida action. What she fails to allege is how Morgan Stanley's actions led to the "looting of trust assets." Clearly there was as dispute between Plaintiff and her sister regarding the propriety of the amendment of the trust and the handling of the trust assets. What Plaintiff has failed to do in both the Amended Complaint and in her Opposition is to allege facts that would, if true, establish that it was legally wrong for Morgan Stanley to resort to court intervention to resolve a dispute over the handling of the trust and the trust assets. Without such allegations, it is too much to ask the Court to fill in the blanks and allow Plaintiff to proceed under some unarticulated conspiracy theory.

Defendants Bjorndahl and Bogutz & Gordon have also been subjected to the same sort of unarticulated conspiracy theory. They acted as counsel to Cia Wells in seeking guardianship over Elaine Wells. In Plaintiff's opinion, their limited involvement morphed into a multi-party conspiracy involving her sister, who was allegedly

> aided and abetted in her criminal theft schemes by a litany of corrupt Tucson-area lawyers. Tucson-area lawyers have been looting the Trust to enrich themselves from the stolen and secreted Trust assets.

Opposition, p. 4. Assertions such as these should not be thrown around without the support of factual allegations made in good faith. There is not a single description in the Amended Complaint or the Opposition of when, where or how the asserted misdeeds were committed. As such, there is no reason to believe that an amendment of the claims against these Defendants would be anything other than futile.

### F. Motion For Leave to File Amended Complaint [Doc. No. 42] and Motion For Leave to File Second Amended Complaint [Doc. No. 71]

Since filing her First Amended Complaint [Doc. No. 14], Plaintiff has submitted two Motions for Leave to Amend the Complaint. The first of these [Doc. No. 42], does not

comply with Local Rule 15.1 as Plaintiff did not attach a copy of the proposed amended pleading as an exhibit to the motion. Local Rule Civil 15.1(a). That motion should therefore be denied.

In her second motion to amend, Plaintiff has complied with the Local Rule. She indicates that the purposes of the proposed amendment include adding another judge from the Pima County Superior Court. However, the claims alleged against the newly added judge are the same as those alleged against the previously identified judge-defendants. As discussed above, those claims cannot survive dismissal and the proposed amendment is therefore pointless. The second purpose of the amendment is to note the death of Elaine Wells. If Plaintiff is permitted and elects to amend the complaint in an attempt to address the insufficiencies addressed in the instant order and the future order addressing the second round of motions to dismiss, this fact can be added. As the proposed amended complaint now reads, however, leave to amend should not be granted.

### G. Motion for Rule 11 Sanctions [Doc. No. 39]

Defendant Schwartz requests that the Court impose sanctions against the Plaintiff in this action. One important purpose of Rule 11 of the Federal Rules of Civil Procedure is to deter abusive pretrial tactics by excluding baseless filings. *Golden Eagle Distributing Corp. v. Burroughs Corp.,* 801 F.2d 1531, 1542 (9th Cir. 1986). Rule 11 sanctions can be awarded when a party asserts the same or similar claims in lawsuits raising claims previously decided in another case. *Chestnutt v. Horizon Air Industries, Inc.*, 133 F.R.D. 154, 156 (E.D. Wash. 1990).

Schwartz has adequately established that his inclusion as a defendant in this action is entirely baseless and abusive. Schwartz was a defendant in the Florida action filed by Plaintiff, which was dismissed with prejudice. The order dismissing the Florida action included a determination that the Florida court did not have personal jurisdiction over the Arizona defendants. From that decision, even a lay person would understand that persons with no relationship to a forum state ordinarily cannot be sued in that state. Nevertheless,

that is precisely what Plaintiff proceeded to do in this action. As discussed above, Defendant Schwartz has no contacts with Arizona that would allow him to be subject to suit.

More important, though, is that the only mention of Defendant Schwartz in the Amended Complaint appears in the caption. Not a single allegation of wrong-doing is alleged on his part. This "shotgun" approach suggests that the action, at least insofar as the inclusion of Defendant Schwartz, was filed with the intent to harass and to needlessly cause him to incur the costs of litigation. Plaintiff's improper purpose in pursuing this case against Schwartz can be inferred from the failure to include any allegations of wrongdoing on his part. *Huettig & Schromm, Inc. v. Landscape Contractors Council of Northern Calif.*, 790 F.2d 1421, 1427 (9th Cir. 1986) (inference of improper purpose).

The deficiencies in Plaintiff's Amended Complaint implicate several grounds identified as bases for sanctions. The claims against Schwartz lack in evidentiary support or likely evidentiary support, the claims are frivolous and not warranted by existing law, and, as illustrated by the Plaintiff's failure to include Schwartz anywhere but in the caption, were filed for an improper purpose. Fed.R.Civ.P. 11(b)(2), (3). Additionally, Schwartz has satisfied the "safe harbor" provision of Rule 11 in that the motion for sanctions was served more than 21 days prior to filing. Fed.R.Civ.P. 11(c)(1)(A). Due process requires that the offending party be given notice of the grounds for sanctions and the opportunity to be heard before the imposition of sanctions. Fed. R.Civ.P. 11(c); *Margo v. Weiss*, 213 F.3d 55, 64 (2nd Cir. 2000). Accordingly, it is recommended that an order to show cause be issued that conforms with these requirements.

**III. Recommendation**

Based on the foregoing, the Magistrate Judge **recommends** that the District Court, after its independent review, issue an Order:

1. **Granting** the motions to dismiss filed by defendants in the action [Doc. Nos. 26, 27, 29, 30, 31, and 32] without leave to amend;

2. **Denying as moot** Defendant Morgan Stanley and Steve Fishman's Motion for Summary Disposition of Their Motion to Dismiss [Doc. No. 35];

3. **Issue an Order to Show Cause** on Defendant Philip Schwartz's motion for Rule 11 sanctions [Doc. No. 39];

4. **Granting** Plaintiff's Motions for Extension of Time to File her responses to the motions to dismiss [Doc. Nos. 41 and 66];

5. **Denying** Plaintiff's Motion For Leave to File Amended Complaint [Doc. No. 42];

6. **Denying** Plaintiff's Motion For Leave to File Second Amended Complaint [Doc. 71]; and

7. **Denying** the Motion for Default against Cia Wells and Alan Belauskas [Doc. No. 43].

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

However, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court. *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure. Thereafter, the parties have ten (10) days within which to file a response to the objections. If any objections are filed, this action should be designated case number: **CV 07-309-TUC-FRZ**. Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

DATED this 29th day of June, 2009.

_Jacqueline Marshall_
Jacqueline Marshall
United States Magistrate Judge