# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Cheryl Wells, | ) |
| Plaintiff, | ) CV 07-309 TUC FRZ (JM) |
| v. | ) **REPORT AND RECOMMENDATION** |
| Hon. Jan E. Kearney, et al., | ) |
| Defendants. | ) |

In accordance with 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice of the United States District Court for the District of Arizona, this case was referred to the Magistrate Judge for all pretrial proceedings and report and recommendation. Now pending before the Court are a second group of motions to dismiss [Doc. Nos. 46, 60, 62, 63, 68 and 69]. The Court previously issued a second warning to Plaintiff that the second group of motions could be granted if she failed to respond by July 21, 2009. *Docket No. 85*. As of the date of this report and recommendation, Plaintiff has not filed her response to the second group of motions. Also pending are Defendant John Knox Village's Motion for Sanctions [Docket No. 86], Defendant Broad and Cassel's Motion for Sanctions and Motion for Summary Disposition [Doc. Nos. 94 and 95], Defendant Kevin Kinghorn's Motion for Summary Disposition [Doc. No. 97], and Plaintiff's Motion for Extension of Time to Respond [Doc. No. 96]. Each of these motions is addressed herein.

/ / /

/ / /

/ / /

**I.     Background**

The background facts of this case were previously described in the Court's Report and Recommendation filed on June 29, 2009, and are hereby incorporated as if fully set-forth herein.

**II.    Discussion**

    **A.    Motion for Extension of Time to Respond [Doc. No. 96]**

As was the case with her previous motion for an extension, Plaintiff's request for extension of time was filed late. This motion was filed nine days after the deadline of July 21, 2009, specifically set by the Court for the filing of her responses. *See* Order filed June 17, 2009 [Doc. No. 85]. Moreover, as also was the case previously, the Order setting the deadline in effect granted Plaintiff an extension of time by providing additional time for her tardy responses. The same order warned her that she was to comply with the Local Rules and that she was to "timely respond to all motions," and that her failure to respond could be treated "as a consent to the granting of that Motion without further notice . . . ."

The most recently filed motion to dismiss was filed on March 23, 2009. Thus, with the extensions previously informally and formally granted by the Court, Plaintiff had nearly four months to prepare and file her responses. Given her failure to do so and the warnings issued informing her of the consequences of such a failure, the Court does not find good cause for the requested extension and recommends that it be denied.

    **B.    Motions to Dismiss Legal Standards**

        **1.    Personal Jurisdiction**

Under Rule 12(b)(2), Fed.R.Civ.P., a party may assert that the court lacks jurisdiction over the person and that the claims against them must therefore be dismissed. Ordinarily, federal courts have no broader power over person outside the state in which they sit than do the local state courts. *Omni Capital Int'l, Ltd. v. Rudolph Wolff & Co., Ltd.*, 484 U.S. 97, 104-105 (1987); *see* Fed.R.Civ.P. 4(k)(1)(A). The forum state's "long-arm" statute is the federal court's starting point in analyzing personal jurisdiction in federal cases. If the statute

would not enable the plaintiff to obtain personal jurisdiction in a state court action, the plaintiff generally will be unable to obtain personal jurisdiction in a federal court action. *Omni*, 484 U.S. at 104-105.

In Arizona, personal jurisdiction over a nonresident defendant can be exercised "to the maximum extent permitted by the Constitution [of Arizona] and the Constitution of the United States." Az.R.Civ.P. 4.2(a). This means that personal jurisdiction can be exercised when a defendant has "sufficient minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Williams v. Lakeview Co.*, 199 Ariz. 1, 3 (2000) (citing *International Shoe Co., v. Washington*, 326 U.S. 310, 320 (1945)). Personal jurisdiction, whether general or specific, requires a defendant to have "purposefully established 'minimum contacts'" in Arizona. *Id.* (quoting *Berger King Corp. V. Rudzewicz*, 471 U.S. 462, 474 (1985)).

General jurisdiction subjects a defendant to suit on virtually any claim and is available when the defendant's contacts with Arizona are "substantial" or "continuous and systematic." *Rollin v. William V. Frankel & Co., Inc.*, 196 Ariz. 350, 353 (App. 2000). If general jurisdiction is not available, specific jurisdiction may be exercised if: "(1) the defendant purposely avails himself of the privilege of conducting business in the forum; (2) the claim arises out of or relates to the defendant's contact with the forum; and (3) the exercise of jurisdiction is reasonable." 199 Ariz. at 3.

**2.     Failure to State a Claim Upon Which Relief Can Be Granted**

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964-65 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965.

In considering a motion pursuant to Fed.R.Civ.P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. *Pareto v. F.D.I.C.,* 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001); *Parks School of Business, Inc. v. Symington,* 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *Sprewell,* 266 F.3d at 988; *W. Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir. 1981). Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir.1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint. *In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig.,* 102 F.3d 1524, 1537 (9th Cir.1996), *rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach,* 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. *In re Silicon Graphics Inc. Sec. Litig.,* 183 F.3d 970, 986 (9th Cir.1999); *Lee v. City of Los Angeles,* 250 F.3d 668, 689 (9th Cir.2001). Under these standards, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). *United States v. City of Redwood City,* 640 F.2d 963, 966 (9th Cir.1981).

**C.     Motions to Dismiss**

      **1.     Defendants John Knox Village [Doc. No. 46] and Broad and Cassel [Doc No. 62]**

Defendant John Knox Village of Florida, Inc. ("John Knox") moves for the dismissal of the allegations against it in the First Amended Complaint, based on the Plaintiff's failure to state a Federal RICO claim, and failure to state claims for breach of fiduciary duty, conversion, and for injunctive relief. Plaintiff's allegations against Broad and Cassel, the law

4

1 firm that represented John Knox in the Florida action, are that "Broad and Cassel is an agent
2 and attorney fro Defendant John Knox Village." *First Amended Complaint*, p. 4. Both John
3 Knox and Broad and Cassel contend that, as a Florida residents, the Plaintiff cannot establish
4 personal jurisdiction over them, and that the Court lacks subject matter jurisdiction. As it is
5 clear that the Court does not have personal jurisdiction over John Knox or Broad and Cassel,
6 dismissal of the claims against them must be granted.

Plaintiff has alleged no facts that could be interpreted as establishing the Court's personal jurisdiction over Defendants John Knox and/or Broad and Cassel. Plaintiff alleges in the Amended Complaint that John Knox "is the location where Elaine Wells resided for over a decade before she was illegally removed from Florida by Cia Wells." *Amended Complaint*, p. 4. Plaintiff further alleges that:

> Defendant John Knox aided and abetted defendants Cia Wells and Kennedy in their unlawful removal of Elaine Wells, and the surrender of her residence at John Knox, because John Knox wanted to be in a position to resell Elaine Wells' apartment to a new owner.

*Id.*, p. 11. In reference to Broad and Cassel, Plaintiff's allegations, as quoted previously, are even more brief.

Based on these allegations, and the facts asserted in the unopposed motions to dismiss filed by John Knox and Broad and Cassel, it is apparent that John Knox and Broad and Cassel are Florida corporations and is a residents of Florida. The activity that apparently gives rise to Plaintiff's allegations against them occurred entirely in Florida. Neither John Knox nor Broad and Cassel conduct business or own property in Arizona. Further, nothing in the record indicates either has purposefully availed itself of the privilege of conducting business in Arizona. John Knox and Broad and Cassel lack sufficient contact with Arizona to establish general jurisdiction, and there is no indication in the record that this litigation arises from any contacts they may have had with the State such that this Court may exercise specific jurisdiction. As such, John Knox and Broad and Cassel's contacts with the forum are not sufficient to establish personal jurisdiction and the exercise of jurisdiction over them by

this Court would be unreasonable. As such, Defendants John Knox and Broad and Cassel's motions to dismiss the First Amended Complaint for lack of personal jurisdiction should be granted.

### 2. Defendants Lynne Tomasa [Doc. No. 60] and Kevin Kinghorn [Doc. No. 68]

Defendants Lynne Tomasa and Kevin Kinghorn move for the dismissal of the claims against them in the First Amended Complaint, asserting that Plaintiff has failed to state claims against them upon which relief can be granted. In the complaint, Plaintiff alleges on information and belief that Tomasa is a court-appointed investigators who "claims to represent Elaine Wells and should be bound by the proceedings and judgment herein." *First Amended Complaint*, p. 5. In the second and final mention of Tomasa and the only mention of Kinghorn in the complaint, Plaintiff alleges:

> Kevin Kinghorn and Lynne Tomasa are apparently court-appointed individuals who should have been bound by the proceedings in Florida. Under established principles of comity between state courts, the Florida Court, having acquired jurisdiction first, should have been allowed to proceed first and the Arizona matter should have been held in abeyance or dismissed.

*Id.*, p. 12.

As Tomasa and Kinghorn assert, these allegations fall far short of stating claims upon which relief could potentially be based. As Plaintiff has specifically identified defendants in claims two through eight, and none of them include Defendants Tomasa and/or Kinghorn, the only claim in which they reasonably can be construed as named defendants is claim one, the RICO claim. The Ninth Circuit has held that Rule 9(b) of the Federal Rules of Civil Procedure, which requires that fraud and mistake be alleged with particularity, applies to civil RICO fraud claims. *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004). The Ninth Circuit has also recognized that Rule 9(b) may apply to claims that are "grounded" or "sound" in fraud. *Vess v. Ciba-Geigy Corp.,* 317 F.3d 1097, 1103-04 (9th Cir.2003) ("In some cases, the plaintiff may allege a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of a claim. In that event, the claim is said to be

6

'grounded in fraud' or 'to sound in fraud,' and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)."). In this action, Plaintiffs' RICO claim was "grounded" in fraud because it alleged a unified course of fraudulent conduct.

The specific provisions of Rule 9(b), in pertinent part, provide: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Rule 9(b), Fed.R.Civ.P. The rule "requires a pleader of fraud to detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.,* 940 F.2d 397, 405 (9th Cir. 1991); *Vess*, 317 F.3d at 1106 ("Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged") (internal quotations omitted).

The RICO cause of action alleged here against Tomasa and Kinghorn clearly fails to meet Rule 9(b)'s heightened pleading standard. More than just omitting the "who, what, when, where and how" of the misconduct alleged, Plaintiff has offered nothing that, if true, would constitute wrongdoing on Tomasa or Kinghorn's part. They apparently were appointed by a court to represent Elaine Wells' interests in some capacity. Plaintiff offers nothing more and has failed to timely respond to the motion to dismiss. There are no allegations of how, when and where Tomasa and/or Kinghorn committed any wrongful act. The claim against them must therefore be dismissed.

### 3. Defendant Emeritus, Inc. [Doc No. 69]

The only mention of Defendant Emeritus is contained in the section of the First Amended Complaint titled "parties," and alleges as follows:

> Defendant Emeritus, Inc. is a nursing home operator that is aiding and abetting the other defendants by denying Elaine Well [sic] medication and holding her in utterly unacceptable and deteriorated conditions.

*First Amended Complaint*, p. 5. As is the case with Defendants Tomasa and Kinghorn, these allegations do not begin to satisfy the pleading requirements of Rule 9(b). Again, there is no who, what, when, where or how that is required to properly plead a RICO claim. The facts might generously be construed as alleging a tort claim against Emeritus, but Plaintiff has

1 neither alleged such a cause of action nor identified a basis for this Court's subject matter
2 jurisdiction over such a claim. As discussed in relation to Plaintiff's motion for an extension
3 of time, Plaintiff has had four months to respond to Emeritus's motion to dismiss and has
4 elected not to do so. The Court finds no reason to further delay the inevitable in this case and
5 recommends the dismissal of the claims against Emeritus.

### D. Motions for Rule 11 Sanctions [Doc. Nos. 86 and 94]

Defendant John Knox and Defendant Broad and Cassel request that the Court impose sanctions against the Plaintiff in this action. One important purpose of Rule 11 of the Federal Rules of Civil Procedure is to deter abusive pretrial tactics by excluding baseless filings. *Golden Eagle Distributing Corp. v. Burroughs Corp.,* 801 F.2d 1531, 1542 (9th Cir. 1986). Rule 11 sanctions can be awarded when a party asserts the same or similar claims in lawsuits raising claims previously decided in another case. *Chestnutt v. Horizon Air Industries, Inc.*, 133 F.R.D. 154, 156 (E.D. Wash. 1990).

John Knox has adequately established that its inclusion as a defendant in this action is entirely baseless and abusive. John Knox was a defendant in the Florida action filed by Plaintiff, which was dismissed with prejudice. The Florida court subsequently awarded John Knox its attorney fees based on the finding that "Plaintiff's purported cause of action against John Knox was clearly devoid of any legal merit, was without legal support and Plaintiff made no argument that it was an appropriate case for extension, modification or reversal of existing law." *John Knox Motion for Sanctions*, Ex. B. Plaintiff was thus informed at least twice that the claims alleged against John Knox were unfounded. Nevertheless, she elected to include John Knox as a defendant here. As discussed above, Plaintiff has again failed to offer any factual or legal support for her claims against John Knox.

The deficiencies in Plaintiff's Amended Complaint implicate several grounds identified as bases for sanctions. The claims against John Knox lack in evidentiary support or likely evidentiary support, the claims are frivolous and not warranted by existing law, and, given that Plaintiff previously was made well aware that her claims were not warranted, were

filed for an improper purpose. Fed.R.Civ.P. 11(b)(2), (3). Additionally, John Knox has satisfied the "safe harbor" provision of Rule 11 in that the motion for sanctions was served more than 21 days prior to filing. Fed.R.Civ.P. 11(c)(1)(A).

Defendant Broad and Cassel's only relation to the underlying facts in this case are that the law firm represented John Knox in the Florida litigation. Plaintiff has offered no basis in law or fact to include it as a defendant in this action. As discussed in relation to the motion to dismiss, the only allegations against Broad and Cassel are that it acted as "an agent and attorney for Defendant John Knox Village." Based on this allegation, the only liability Plaintiff asserted against Broad and Cassel was derivative to that of John Knox. As she was repeatedly informed, Plaintiff's claims against John Knox were clearly devoid of any legal merit. As such, not only are the claims alleged against John Knox in his case baseless and abusive, so too are those alleged against its Florida attorneys, Broad and Cassel.

Due process requires that the offending party be given notice of the grounds for sanctions and the opportunity to be heard before the imposition of sanctions. Fed. R.Civ.P. 11(c); *Margo v. Weiss*, 213 F.3d 55, 64 (2nd Cir. 2000). Accordingly, it is recommended that an order to show cause be issued that conforms with these requirements.

### E. Motions For Summary Disposition [Doc. Nos. 95 and 97]

Defendants Broad & Cassel and Kevin Kinghorn seek summary disposition of this matter based on Plaintiff's failure to timely respond to the pending motions. As discussed in relation to Plaintiff's motion for another extension to respond, this is one of the reasons for the Magistrate Judge's recommendation that the pending motions to dismiss be granted. As such, these motions are granted as well.

### III. Recommendation

Based on the foregoing, the Magistrate Judge **recommends** that the District Court, after its independent review, issue an Order:

1. **Granting** the motions to dismiss filed by defendants in the action [Doc. Nos. 46, 60, 62, 63, 68 and 69] without leave to amend;

2. **Granting** Defendant Broad and Cassel's [Doc. No. 95] and Defendant Kevin Kinghorn's [Doc. No. 97] Motions for Summary Disposition;

3. **Issue an Order to Show Cause** on Defendant John Knox Village's Motion for Sanctions [Docket No. 86], Defendant Broad and Cassel's Motion for Sanctions [Doc. No. 94]; and

4. **Denying** Plaintiff's Motion for Extension of Time to Respond [Doc. No. 96].

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

However, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court. *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure. Thereafter, the parties have ten (10) days within which to file a response to the objections. If any objections are filed, this action should be designated case number: **CV 07-309-TUC-FRZ**. Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

DATED this 11th day of August, 2009.

*Jacqueline Marshall*
Jacqueline Marshall
United States Magistrate Judge