# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cheryl Wells,<br><br>    Plaintiff,<br><br>v.<br><br>Jan Kearney, et al.,<br><br>    Defendants. | No. CV 07-309 TUC FRZ (JM)<br><br>**REPORT AND RECOMMENDATION RE: SANCTIONS** |

By Report and Recommendation dated August 11, 2009, the Magistrate Judge recommended Defendants Phillip Schwartz, John Knox Village, and Broad and Cassel be dismissed from this action [Doc. No. 101]. The Magistrate Judge further recommended that sanctions be imposed as requested by the Defendants and recommended that the District Court issue to the Plaintiff an Order to Show Cause why such sanctions would not be appropriate. By Order filed September 3, 2009 [Docket No. 108], the District Court adopted the Report and Recommendation and ordered Plaintiff to file a brief by September 18, 2009, to show cause as to why the motions for sanctions filed by Defendants Phillip Schwartz [Doc. No. 39], John Knox Village [Doc. No. 86], and Broad and Cassel [Doc. No. 94] should not be granted. Plaintiff failed to file the ordered brief and, on October 9, 2009, the Defendants were ordered to submit short memoranda with supporting documentation identifying their respective costs and fees incurred in defending this matter. The memoranda have been filed.

In the Magistrate Judge's August 11, 2009, Report and Recommendation, the Court found that Plaintiff's claims were baseless and abusive and that Plaintiff either knew or should have known that her claims were meritless. Having concluded that sanctions are warranted, the Court notes that Rule 11 sanctions are not intended as a fee-shifting provision

or to compensate the innocent parties, but to deter sanctionable conduct: "A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." Fed.R.Civ.P. 11(c)(2); *see Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 151 (4th Cir. 2002). The sanction must be "quantifiable with precision." *Lloyd v. Schlag*, 884 F.2d 409, 413 (9th Cir. 1989).

Plaintiff's claims, in their entirety, have been found baseless and/or outside the Court's jurisdiction. Despite having pursued the identical action, with similar results, in at least two other courts, Plaintiff nevertheless insisted on filing the instant action against nineteen separate defendants. The three defendants seeking sanctions have incurred fees of $16,666.04 (Defendant Broad and Cassel [Doc. No. 116]);$13,873.50 (Defendant John Knox Village [Doc. No. 117]); and $17,080.00 (Defendant Philip L. Schwartz [Doc. No. 120]). Thus, judging by the fee documentation submitted in support of the instant motions, the defendants in this action incurred fees in the neighborhood of $15,000 each. Multiplying that number by the nineteen defendants results in a approximate figure of $285,000 in needless fees squandered in this action. As sanctions are intended to deter, the Court finds that the imposition of a sanction award totaling $15,000, with $5,000 of the sanction being allocated to each of the three parties requesting sanctions, is appropriate.

**Recommendation**

Based on the Court's previous orders finding sanctions appropriate and on the review of the memoranda and supporting documentation submitted by the Defendants, the Magistrate Judge **RECOMMENDS** that the District Court, after its independent review, enter an award of sanctions against Plaintiff totaling $15,000, with $5,000 allocated to each of the three moving defendants.

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

However, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court. *See*

| | |
|---|---|
| 1 | 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure. |
| 2 | Thereafter, the parties have ten (10) days within which to file a response to the objections. |
| 3 | If any objections are filed, this action should be designated case number: **CV 07-309-TUC-** |
| 4 | **FRZ**.  Failure to timely file objections to any factual or legal determination of the Magistrate |
| 5 | Judge may be considered a waiver of a party's right to *de novo* consideration of the issues. |
| 6 | *See United States v. Reyna-Tapia* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*). |
| 7 | DATED this 2nd day of December, 2009. |

*Jacqueline Marshall*
Jacqueline Marshall
United States Magistrate Judge